Edwin HAYES, Jr., Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 15A01–0707–CR–340.

Court of Appeals of Indiana.

Jan. 31, 2008.

Leanna Weissmann, Lawrenceburg, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Scott L. Barnhart, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

BAILEY, Judge.

### Case Summary

Appellant–Defendant Edwin Hayes, Jr. ("Hayes"), appeals his sentences for Promoting Prostitution, as a Class B felony,[1]

1. Ind.Code § 35–45–4–4.

Child Exploitation, as a Class C felony,[2] and Possession of Marijuana, as a Class A misdemeanor.[3] We affirm the sentences as to the convictions for Child Exploitation and Possession of Marijuana, but reverse and remand with instructions to the trial court to vacate the conviction for Promoting Prostitution and to sentence Hayes on the conviction for Attempted Sexual Misconduct with a Minor.

### Issue

Hayes raises two issues on appeal, which we consolidate and restate as whether Hayes's sentences are inappropriate.

### Facts and Procedural History

In December of 2005, thirty-six-year-old Hayes convinced B.W., a fifteen-year old girl, to meet him at a hotel in Dearborn County so that Hayes could take nude photographs of her. In preparation for the meeting, Hayes purchased lingerie and rented a hotel room in Lawrenceburg. In exchange for B.W. posing for the photographs, Hayes paid B.W. $250. B.W.'s boyfriend accompanied her to the hotel room.

On March 6, 2006, the Indiana State Police received information from a Switzerland County caseworker regarding the December 2005 incident involving Hayes and B.W. After interviewing B.W., police had B.W. call Hayes to set up a similar meeting to take photographs with a supposed teenage friend of B.W., who was actually an undercover police officer. B.W. explained to Hayes that she had told her friend, "Sarah," about what B.W. and Hayes did in December and that her friend was interested. When Hayes asked "Sarah's" age, B.W. responded that she believed "Sarah" was sixteen or seventeen. During the conversation, Hayes asked B.W. if she had informed anyone of the prior incident, said that he would pay $250 for taking photographs and would pay the girls money for having sex with him.

A time and place was arranged for Hayes to meet the undercover police officer posing as "Sarah." Hayes met "Sarah," who was wearing a recording device, at a gas station. First, Hayes asked "Sarah's" age to which she responded seventeen. Hayes replied that it was scary that she was not eighteen. Nevertheless, Hayes proceeded to explain how he took pictures of girls in various poses that he then sold to a club to which he belonged. For twenty-six photos and videos of twenty, thirty and sixty minutes, Hayes said that he would receive $3000 from his club, part of which he would pay her. According to Hayes, the amount he paid the girl depended on how far she was willing to go. He told "Sarah" that the possibilities ranged from pictures in lingerie to hardcore pornography. When "Sarah" inquired as to what she would have to do, Hayes explicitly described the various types of photographs he normally took, which included Hayes appearing in some of the pictures.

Hayes indicated that he had been doing this type of photography for a couple of years and that he was "a one hundred percent gentleman" that could be trusted. State's Exhibit 3. In addition to the pictures, Hayes also suggested making a "girl-girl" video with Sarah and B.W. When "Sarah" expressed concern that the photographs would be posted on the Internet, Hayes suggested that she could wear a mask or make money by having an evening of sex with him. Hayes said that between the photos and having sex with him "Sarah" could make money monthly. Near the end of the conversation, Hayes asked "Sarah" if she would expose herself

---

2. Ind.Code § 35–42–4–4(b).

3. Ind.Code § 35–48–4–11.

to him. After she refused, he offered her fifty dollars for coming to meet him.

Subsequent to their meeting, a date and time was arranged for B.W., "Sarah" and Hayes to meet at a local hotel. Hayes showed up and was arrested. A search of his car yielded, among other things, a DVD titled "Triple X American Teens," three vibrators, a bottle of lubricant, and marijuana.

On March 22, 2006, the State charged Hayes with Promoting Prostitution, as a Class B felony, Attempted Sexual Misconduct with a Minor, as a Class B felony,[4] Child Exploitation, as a Class C felony, and Possession of Marijuana, as a Class A misdemeanor. On April 2, 2007, Hayes informed the trial court that he wished to enter an open guilty plea on the charges. The trial court accepted the plea and entered judgment of conviction on the four charges.

After the sentencing hearing, the trial court found aggravating circumstances of Hayes's criminal history and that Hayes's behavior during the sentencing hearing, including a lack of remorse, further exhibited the danger he poses to children. The trial court found that Hayes's decision to plead guilty constituted a mitigating circumstance. After concluding that the aggravators outweighed the mitigator, the trial court sentenced Hayes to twenty years for promoting prostitution, eight years for child exploitation with four years suspended to probation, and one year for possession of marijuana. Because of double jeopardy concerns, the trial court did not sentence Hayes for attempted sexual misconduct with a minor, stating that the judgment was merged with the conviction for promoting prostitution. Based on the same aggravating factors utilized to enhance the sentences, the trial court ordered the sentences be served consecutive

to each other for an aggregate executed sentence of twenty-five years.

Hayes now appeals.

### Discussion and Decision

■ Hayes contends that the sentences imposed by the trial court are inappropriate under Indiana Appellate Rule 7(B). However, we must first address, *sua sponte*, whether it was a fundamental error for Hayes to be charged and convicted of promoting prostitution, as a Class B felony.

■ Appellate courts can recognize a fundamental error even though it was not raised on direct appeal "if the error is blatant and appears clearly on the face of the record." *Haggard v. State*, 445 N.E.2d 969, 971 (Ind.1983). Based on the record, we address, *sua sponte*, the legality of Hayes's conviction for promoting prostitution.

As the factual basis for the charge of promoting prostitution, the State provided the following: "[B]etween March 9, 2006, and March 20, 2006, in Dearborn County, State of Indiana, Edwin D. Hayes, Jr. did knowingly entice compel another person under eighteen years of age to become a prostitute or direct another person under eighteen years of age to place for the purpose of prostitution, to-wit: enticed [B.W.] age fifteen to become a prostitute, and/or directed her to the Riverside Inn for the purpose of prostitution." Trial Transcript at 16–17. The record reveals that Hayes directed B.W. and "Sarah" to the Riverside Inn so that he could meet them for the purpose of having sex in exchange for money.

Indiana Code Section 35–45–4–4(5), the subsection under which the State charged Hayes, provides that "a person who knowingly or intentionally conducts or directs another person to a place for the purpose

---

4. Ind.Code § 35–42–4–9; Ind.Code § 35–41–5–1.

of prostitution commits promoting prostitution." Although the plain meaning of the statutory language is consistent with Hayes's actions, our Supreme Court held in *State v. Hartman* that such an interpretation is inconsistent with the legislative intent of the statute. *State v. Hartman,* 602 N.E.2d 1011, 1013 (Ind.1992). The issue addressed in *Hartman* was: "Can the State use the "pimp" statute [I.C. § 35–45–4–4] to charge a prostitute with a felony for engaging in conduct that is otherwise by definition only a misdemeanor?" *Id.* at 1012. The facts of the case involved a prostitute providing a willing customer with directions to his home. *Id.* When the customer arrived, the prostitute, Hartman, allegedly fondled the customer's genitals. *Id.* "For this, the State charged Hartman not with prostitution, a class A misdemeanor, but with promoting prostitution, a class C felony." *Id.* Similar to the facts in this case, Hartman was charged pursuant to subsection 5.

In its analysis, the Supreme Court reviewed the criminal statutes for prostitution, patronizing a prostitute, and promoting prostitution. The Court looked to the 1974 Criminal Law Study Commission's comments on the proposed revisions to Section 35–45–4–4 to discern the legislature's intent:

> The proposed section creates a comprehensive single crime of promoting prostitution, embracing various acts which in fact tend to promote prostitution. *It reaches the conduct of a third party . . .,* who is acting in collaboration with a prostitute, or who is exploiting a prostitute, or who knowingly facilitates or renders help in the practice of prostitution.

*Id.* at 1013 (quoting *Indiana Penal Code* 129 (Proposed Final Draft)(Criminal Law Study Commission 1974)(emphasis added)). The Supreme Court concluded that the legislative intent was clear: "one statute targets the prostitute, another targets the customer, and a third targets the pimp." *Id.* Based on that conclusion, the Court held that it was error for Hartman, a prostitute, to be charged with promoting prostitution, because the pimp statute is intended to reach the conduct of a third party, the business manager of a prostitution enterprise.

Here, we are presented with a similar situation where the customer seeking a prostitute was charged under the pimp statute. Because the facts of the record do not create a sufficient evidentiary foundation for promoting prostitution, the conviction cannot stand. On remand, we direct the trial court to vacate the conviction for promoting prostitution.

Because we order this conviction vacated, we must also address the conviction entered for Attempted Sexual Misconduct with a Minor, as a Class B felony. The trial court entered a judgment of conviction on this count, creating a double jeopardy violation in connection with the conviction for promoting prostitution. See *Jones v. State,* 807 N.E.2d 58, 67–68 (Ind. Ct.App.2004) (A double jeopardy violation occurs when judgments of conviction are entered and cannot be remedied by the "practical effect" of concurrent sentences or by merger after conviction has been entered.), *trans. denied.* With the promoting prostitution conviction vacated, the double jeopardy issue no longer exists. Therefore, on remand, we direct the trial court to sentence Hayes on the attempted sexual misconduct conviction.

Due to our above conclusions, we review Hayes's remaining sentences for child exploitation and possession of marijuana under Indiana Appellate Rule 7(B). Our Supreme Court recently reviewed the standard by which appellate courts independently review criminal sentences:

> Although a trial court may have acted within its lawful discretion in determin-

ing a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade us that his sentence is inappropriate.

*Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (internal quotation and citations omitted).

 Here, the trial court imposed the maximum sentence of eight years for child exploitation and one year for possession of marijuana and ordered each sentence be served consecutive to the others. Hayes asserts that these sentences are inappropriate because the crimes were not committed in an egregious fashion and because he pled guilty.

As for the nature of the offenses, Hayes went to a hotel room with B.W., a fifteen-year old girl, and her boyfriend where Hayes took pictures of B.W. that depicted B.W. engaging in sexual conduct. In preparation, Hayes rented the hotel room and purchased lingerie for B.W. In exchange, Hayes paid B.W. $250. Several months later when Hayes arrived at the designated hotel room set up with the undercover police officer, marijuana was found in Hayes's car. At the sentencing hearing, the arresting police officer, Thomas Baxter, testified without objection that Hayes admitted upon arrest that he had previously photographed B.W. According to Officer Baxter, Hayes described himself as a voyeur and admitted that the idea of selling photographs was a scheme he had used to lure girls to take off their clothes.

As for the character of the offender, Hayes has a criminal history that includes operating a vehicle while intoxicated, minor in possession of alcohol, conversion, abduction, public indecency, and possession of marijuana. The prior conviction for possession of marijuana is ten years old and his only drug conviction. However, Hayes's current sex offenses seem to be an escalation of his past offense for public indecency that involved Hayes masturbating in public. Although it has been over a decade since his last offense, the repetition of a sex-related offense and the increase in the seriousness of the crime are significant.

As noted by the trial court, Hayes demonstrated a lack of remorse during the sentencing hearing. Despite pleading guilty to the current charges, Hayes backpedaled from the statements he originally told Officer Baxter, claiming that he had not taken pictures of B.W., and placed blame for the incidents on B.W., describing her as a troubled girl. Hayes also stated that he believed that the charges were brought against him to "help David [B.W.'s boyfriend] get out of his charges he had in Switzerland County[.]" He also described the police operation as entrapment.

In describing his criminal history, Hayes also tried to minimize his prior convictions. When recollecting the events resulting in the abduction conviction, Hayes said that he was on cocaine at the time and that he merely walked up to a woman as if he was going to rob her. Hayes contends that rather than rob her, he looked at her, said "I'm sorry" and walked away. Sentencing Transcript at 44. In recounting the details of his public indecency conviction, Hayes testified that he "admitted to what they said I was doing just for the simple fact I needed to go to work that day ... but I never meant for nobody to see me with my pants off[.]" *Id.* at 46. As for his prior

conviction for marijuana possession, his most recent conviction, Hayes said that he thought the judge on the case had dismissed the charge. The comments made by Hayes about his prior convictions and current offenses indicate that Hayes has not taken responsibility for his criminal actions. Such lack of remorse and refusal to accept responsibility for his actions reflect poorly on Hayes's character and potential for rehabilitation.

■ Hayes also contends that his sentences should be less because he pled guilty. Although a guilty plea demonstrates acceptance of responsibility for a crime and must be considered a mitigating factor, it may not necessarily be a significant mitigating circumstance where the evidence against the defendant is such that the decision to plead guilty is merely a pragmatic one. *Felder v. State,* 870 N.E.2d 554, 558 (Ind.Ct.App.2007). Here, the evidence against Hayes is substantial, including the recorded conversation between Hayes and the undercover police officer as well as the statements Hayes made to Officer Baxter.

Based on the nature of the offenses and the character of the offender, we are not persuaded that lesser sentences are warranted. However, due to a minimal drug conviction history, we find that the sentences should be served concurrently. We instruct the trial court on remand to sentence Hayes to eight years for child exploitation with four years suspended to probation and one year for possession of marijuana to be served concurrently.

### Conclusion

We conclude that it was fundamental error for Hayes to be convicted pursuant to a guilty plea for promoting prostitution, because there was not a sufficient factual basis. The length of Hayes's sentences is not inappropriate, but the sentences should be served concurrently. We remand to the trial court to vacate the conviction for promoting prostitution and enter sentence on the attempted sexual misconduct with a minor conviction.

Reversed in part, affirmed in part; remanded with instructions.

NAJAM, J., and CRONE, J., concur.