JOSHUA COPELAND, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 85A04-0805-CR-287
Court of Appeals of Indiana.
September 4, 2008
CRAIG PERSINGER, Marion, Indiana, ATTORNEY FOR APPELLANT.
STEPHEN R. CARTER, Indianapolis, Indiana, Attorney General of Indiana GARY DAMON SECREST, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
BARTEAU, Senior Judge.

STATEMENT OF THE CASE
Defendant-Appellant Joshua Copeland appeals the sentence he received for his conviction of dealing in marijuana with a prior conviction of an offense involving marijuana, a Class D felony. Ind. Code §XX-XX-X-XX(b)(1)(C).
We affirm.

ISSUE
Copeland presents one issue for our review which we restate as: whether his sentence is inappropriate given the nature of the offense and the character of the offender.

FACTS AND PROCEDURAL HISTORY
Copeland sold marijuana to a confidential informant. The sale took place in Copeland's home while his young daughter was present. Based upon this incident, Copeland was charged with dealing in marijuana, a Class A misdemeanor and dealing in marijuana with a prior conviction of an offense involving marijuana, a Class D felony.
Following the first phase of a bifurcated jury trial where Copeland was found guilty of the misdemeanor offense, he pleaded guilty to the felony offense. At sentencing, the trial court found as aggravating circumstances Copeland's criminal history and the presence of Copeland's young daughter during the commission of the offense. As a mitigating circumstance, the court considered that Copeland's incarceration would likely impose a hardship upon his dependents. The court then sentenced Copeland to the maximum sentence of three years. It is from this sentence that Copeland now appeals.

DISCUSSION AND DECISION
As his sole issue on appeal, Copeland contends that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Specifically, Copeland argues that the sentencing court erred by not considering his guilty plea as a mitigating circumstance.
We have the authority to revise a sentence if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). A defendant bears the burden of persuading the appellate court that his or her sentence has met the inappropriateness standard of review. Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). As long as a defendant's sentence is within the statutory range, it is subject to review only for an abuse of discretion. Id. at 490. An abuse of discretion occurs if the sentencing court's decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable and actual deductions to be drawn therefrom. Id.
We first note that although Copeland did not proffer his plea of guilty as a mitigating circumstance at his sentencing hearing, we may still consider it on appeal. As a general rule, the trial court does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing. Anglemyer v. State, 875 N.E.2d 218, 220 (Ind. 2007). One exception to this rule is a plea of guilty. Id. Therefore, we consider the trial court's failure to mention this factor, and we do so under the abuse of discretion standard of review. See id.
An allegation that the sentencing court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. Rogers v. State, 878 N.E.2d 269, 272-73 (Ind. Ct. App. 2007), trans. denied, ___ N.E.2d ___ (Ind. 2008). Further, the significance of a guilty plea as a mitigating factor varies from case to case. Anglemyer, 875 N.E.2d at 221. For example, a guilty plea may not be significantly mitigating where the evidence against the defendant is such that the decision to plead guilty is merely a pragmatic one. Hayes v. State, 879 N.E.2d 1179, 1184 (Ind. Ct. App. 2008).
Here, Copeland was faced with a Class A misdemeanor and a Class D felony. Following the first phase of a bifurcated trial, the jury found Copeland guilty of the Class A misdemeanor. He then admitted to having a prior conviction of an offense involving marijuana and was thereby convicted of the felony offense into which the court merged the misdemeanor offense. Therefore, at the time of Copeland's plea, the State already had a conviction for the misdemeanor dealing offense and would only have had to offer evidence of his prior conviction and evidence identifying him as the defendant in the prior case. In light of this, the sentencing court could have reasonably concluded that Copeland's decision to plead guilty was more likely a pragmatic one than one of acceptance of responsibility and remorse.
Regarding the nature of the offense, we note, as did the sentencing court, that this offense goes beyond simply dealing marijuana. Here, Copeland sold the marijuana from his home in the presence of his very young daughter.
Further, Copeland's character includes a lengthy criminal history, and at Copeland's sentencing, the court found his criminal history to be an aggravating factor. Copeland's pre-sentence investigation report indicates that he committed felony theft as a juvenile. As an adult, he committed misdemeanor illegal possession of alcohol and, approximately two months later, misdemeanor possession of marijuana. Copeland's crimes then escalated to felony burglary and felony theft, and his probation for the possession of alcohol offense was revoked. Subsequently, Copeland was convicted of felony dealing in marijuana, and his probation for his felony burglary and felony theft convictions was revoked. The pre-sentence report further designates that Copeland has had his driver's license suspended on two occasions and has committed ten traffic violations. Moreover, consummating drug deals in the presence of his young child does not speak well for Copeland's character.
In light of Copeland's pragmatic decision to plead guilty and his disregard for the law, we cannot say the sentence was inappropriate for the nature of the crime and the character of the offender. Based upon the foregoing discussion and authorities, we conclude that the trial court properly sentenced Copeland.
Affirmed.
BAKER, C.J., and CRONE, J., concur.