ATTORNEY FOR APPELLANT
Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Scott L. Barnhart
Deputy Attorney General
Indianapolis, Indiana

In the
Indiana Supreme Court

FILED

May 19 2009, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 15S01-0807-CR-392

EDWIN HAYES, JR.,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Dearborn Circuit Court, No. 15C01-0603-FB-007
The Honorable James Humphrey, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 15A01-0707-CR-340

**May 19, 2009**

**Sullivan, Justice.**


We affirm the convictions of Edwin Hayes, Jr., for promoting prostitution, child exploitation, and possession of marijuana and order that he be sentenced to 18 years, with 14 years to be served in the Department of Correction.

## Background

Edwin Hayes, Jr., age 36, met 15-year-old B.W. at a hotel in Dearborn County and took sexually explicit photographs of her. She subsequently reported the incident to the Switzerland County Division of Child Services, which then notified the Indiana State Police. Officers monitored and recorded telephone conversations between Hayes, B.W., and an undercover female police officer who represented herself to Hayes as B.W.'s 17-year-old friend "Sara." A probable cause affidavit reflects a telephone conversation in which Hayes advised B.W. and Sara to meet him at a hotel where he would pay them for wearing lingerie, viewing pornographic magazines, playing with sexual paraphernalia, and engaging in oral sex. After this call, officers set up surveillance at a hotel and arrested Hayes as he approached Sara's vehicle in the parking lot. They found pornographic materials, sexual paraphernalia, and a cellophane bag containing marijuana in the front seat of Hayes's truck and cash in his wallet. The State charged Hayes with four counts: Count I (promoting prostitution as a Class B felony); Count II (attempted sexual misconduct as a Class B felony); Count III (child exploitation as a Class C felony); and Count IV (possession of marijuana as a Class A misdemeanor).

On the day that Hayes's jury trial was to begin, he submitted an "open" guilty plea to all four counts, i.e., he pled guilty to each of the charged offenses but the trial court was left with discretion over the length of the sentence. See Collins v. State, 817 N.E.2d 230, 231 (Ind. 2004). The trial court found Hayes guilty on all four counts but sua sponte "merge[d] judgment as to Count II" with Count I "under the actual evidence test." (Appellant's App. 193.) The court then entered judgments of conviction on Counts I, III, and IV. Finally, the Court sentenced Hayes to statutory maximum sentences of 20 years on Count I, eight years on Count III (with four years suspended), and one year on Count IV. It imposed the sentences consecutively, for a total executed sentence of 29 years (with four years suspended).

Hayes appealed his sentence; he did not (and under Tumulty v. State,[1] could not), appeal his convictions. Nevertheless, the Court of Appeals sua sponte vacated Hayes's conviction for

---

[1] Tumulty v. State held that "a conviction based upon a guilty plea may not be challenged by motion to correct errors and direct appeal." 666 N.E.2d 394, 395 (Ind. 1996) (quoting Weyls v. State, 266 Ind. 301,

Count I (promoting prostitution), concluding that "it was fundamental error for Hayes to be convicted pursuant to a guilty plea for promoting prostitution, because there was not a sufficient factual basis." Hayes v. State, 879 N.E.2d 1179, 1184 (Ind. Ct. App. 2008). It then directed the trial court on remand to sentence Hayes instead on Count II, the attempted sexual misconduct conviction. Id. at 1182. Finally, the Court of Appeals affirmed the trial court's sentences on Count III (eight years with four years suspended) and Count IV (one year), but found that they should be served concurrently instead of consecutively. Id. at 1184.

The State petitioned for transfer, arguing that the Court of Appeals had acted contrary to the Tumulty rule when it reversed a conviction on direct appeal due to a guilty plea having an inadequate factual basis. The State expressed particular concern that the Court of Appeals had raised the issue and disposed of it sua sponte such that the State did not have the opportunity to present its analysis of the issue.

We granted transfer, 2008 Ind. LEXIS 557 (Ind. 2008) (table). Ind. Appellate Rule 58(A).

**Discussion**

**I**

We begin by addressing two rulings by the courts below. First, we agree with the State that when the Court of Appeals reversed Hayes's conviction for promoting prostitution, it acted contrary to this Court's precedent in Tumulty. 666 N.E.2d at 395. By granting transfer, this decision of the Court of Appeals is vacated. App. R. 58(A). Second, it does not appear to us that it was necessary for the trial court to have merged Hayes's attempted sexual misconduct conviction with his promoting prostitution conviction. See Lee v. State, 816 N.E.2d 35, 40 (Ind.

---

362 N.E.2d 481, 482 (1977)). The proper avenue for challenging one's conviction pursuant to a guilty plea is through filing a petition for post-conviction relief and presenting evidence at a post-conviction proceeding. Tumulty, 666 N.E.2d at 396.

2004).[2]  However, the State has not objected (at trial, on direct appeal, or on transfer) to Hayes standing convicted of Count I (promoting prostitution) but not Count II (attempted sexual misconduct).  As such, we will review Hayes's sentencing claim on the basis that he stands convicted of Count I (promoting prostitution as a Class B felony), Count III (child exploitation as a Class C felony), and Count IV (possession of marijuana as a Class A misdemeanor), just as he presented it to the Court of Appeals in the first place.

## II

As described supra, the trial court sentenced Hayes to a total term of 29 years with 25 years executed and four years suspended.  In its sentencing statement, the trial court identified three aggravating circumstances: (1) Hayes's criminal history; (2) its determination that Hayes is a "sexual predator toward children"; and (3) its determination that Hayes "poses a significant risk of committing similar acts in the future."  (Appellant's App. 190-92.)  The court also identified two mitigating circumstances: (1) the fact that Harris entered a guilty plea on all counts; and (2) the age of his prior convictions.  The trial court found that the aggravating factors outweighed the mitigating factors, and imposed the statutory maximum sentences for Counts I, III, and IV. (As noted earlier, the court had merged Count II with Count I.)  The trial court based its decision to issue consecutive sentences on all counts on the same aggravating circumstances that it used to enhance Hayes's sentences, saying that "any aggravating circumstance cited for enhancement of the sentence or to run the sentences consecutive is sufficient in and of itself to . . . run the sentences consecutive."  Id. at 193.

The Indiana Constitution provides, "The Supreme Court shall have, in all appeals of criminal cases, the power to . . . review and revise the sentence imposed."  Ind. Const. art. VII, § 4.  Pursuant to this authority, we have provided by rule that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  App. R. 7(B).  Hayes has requested that we exercise this authority in his case.

---

[2] "[D]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy." Lee, 816 N.E.2d at 40 (quoting Davis v. State, 771 N.E.2d 647, 649 n.4 (Ind. 2002)).

Count I (promoting prostitution) is a Class B felony when "the person enticed or compelled is under eighteen (18) years of age." Ind. Code § 35-45-4-4 (2008).[3] "A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years." I.C. § 35-50-2-5 (2008). The trial court sentenced Hayes to the 20-year statutory maximum for Count I. Hayes argues that he should have received the advisory sentence because the crimes for which he was convicted "were not committed in a way more egregious than any other way a person would commit these crimes." (Appellant's Br. at 6.)

Although we abhor Hayes's behavior, we find that the nature of his offense does not warrant an enhanced sentence for a Class B felony. Hayes's "promotion" of prostitution was highly attenuated. As to the attempted sexual misconduct with a minor charge (the merged offense), Hayes only attempted to (and did not actually) perform sex acts on one occasion. And unlike the perpetrators in a number of such cases, Hayes did not abuse a position of trust.[4]

Considering the character of the offender, Hayes's criminal history consists of operating a vehicle while intoxicated, illegal possession of alcohol, conversion, felony assault, abduction, public indecency ("masturbating in view of female while driving a car"), and possession of marijuana. (Appellant's App. 210-11.) The public indecency conviction is Hayes's only previous sex offense, it did not involve a minor, and it occurred in 1993. Except for the fact that the current offense involves possession of marijuana, it is manifestly different in nature and gravity from his previous convictions. Though Hayes's criminal history is not inconsequential,

---

[3] B.W. was 15 years old at time of the crimes.

[4] See e.g., Estes v. State, 827 N.E.2d 27 (Ind. 2005) (presumptive sentences where defendant in position of trust molested two minors over a period of years); Golden v. State, 862 N.E.2d 1212 (Ind. Ct. App. 2007), trans. denied (advisory sentence where step-father molested step-daughter over three-month period); Padgett v. State, 875 N.E.2d 310 (Ind. Ct. App. 2007), trans. denied (presumptive sentence where close friend of a minor's parents molested him over a three-year period); Plummer v. State, 851 N.E.2d 387 (Ind. Ct. App. 2006) (presumptive sentence where father molested two daughters over two-year period); Fitzgerald v. State, 805 N.E.2d 857 (Ind. Ct. App. 2004) (presumptive sentence where friend of a minor's parent carried on a consensual sexual relationship with her).

we conclude that his convictions are not significant aggravators in relation to this Class B felony offense.

Based on our review, we revise Hayes's sentence for Count I (promoting prostitution) to the advisory sentence of 10 years.

Hayes also seeks revision of his sentences for Count III (child exploitation as a Class C felony) and Count IV, possession of marijuana as a Class A misdemeanor. The Court of Appeals considered these claims and affirmed the trial court's sentences on Count III (eight years with four years suspended) and Count IV (one year), but found that they should be served concurrently instead of consecutively. Hayes, 879 N.E.2d at 1184. We adopt the decision of the Court of Appeals on this point. App. R. 58(A)(1).

Hayes's final contention is that "the trial court abused its discretion in ordering consecutive sentencing on top of enhanced sentences." (Appellant's Br. at 9.) Our review of the record and of the trial court's sentencing statement does not show that the trial court abused its discretion when it decided to impose consecutive sentences on all counts.

## Conclusion

Having previously granted transfer, App. R. 58(A), we remand this case to the trial court with instructions to issue an amended sentencing order and to issue or make any other documents or docket entries necessary to impose a revised sentence, without necessity of a hearing, of 10 years on Count I; eight years (four suspended) on Count III; and one year on Count IV. The sentence on Count IV shall be served concurrently with the sentence on Count III; and the concurrent sentences on Counts III and IV shall be served consecutive to the sentence on Count I.

Shepard, C.J., and Boehm, and Rucker, JJ., concur.

Dickson, J., dissents without separate opinion.