## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 14 2016, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert D. Gibson, *Appellant-Defendant,* | June 14, 2016 |
| v. | Court of Appeals Case No. 39A01-1512-CR-2326 |
| | Appeal from the Jefferson Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Ted R. Todd, Senior Judge |
| | Trial Court Cause No. 39D01-1503-F6-294 |

**Pyle, Judge.**

# Statement of the Case

Robert D. Gibson ("Gibson") appeals his conviction and sentence for Level 6 felony strangulation[1] and Level 6 felony battery[2] after entering a guilty plea. Gibson argues that the trial court failed to advise him of his *Boykin* rights and that his aggregate two-year sentence was inappropriate. Concluding that Gibson is improperly challenging his conviction following a guilty plea on direct appeal and failed to show that his sentence is inappropriate, we dismiss Gibson's challenge to his conviction and affirm his sentence.

We dismiss in part and affirm in part.

# Issues

1. Whether Gibson may challenge his conviction on direct appeal following a guilty plea.

2. Whether Gibson's sentence is inappropriate.

# Facts

On March 29, 2015, Gibson was charged with strangling and committing battery against Amber Hicks ("Hicks") his then live-in girlfriend and mother of his child. Although he was initially charged with two additional counts, Class A misdemeanor battery and Level 6 felony domestic battery, he subsequently pled guilty to Level 6 felony strangulation and Level 6 felony battery on

---

[1] IND. CODE § 35-42-2-9(b)(1).

[2] I.C. § 35-42-2-1(d)(6)(2015). This battery statute has been subsequently amended, with an effective date of July 1, 2016. Under this amendment, the relevant subsection has been repealed.

December 4, 2015. As part of his factual basis for his strangulation charge, he admitted that he knowingly or intentionally applied pressure to Hicks' neck in a rude, insolent, or angry manner that impeded her normal breathing or blood circulation. Gibson, who was twenty-six years old, further pled guilty to one count of battery against Hicks, a family or household member. Gibson further admitted that he had knowingly or intentionally touched Hicks while in the physical presence of their five-year-old child who Gibson knew was present and might be able to see or hear the offense. When sentencing Gibson, the trial court recognized both Gibson's criminal history, which included domestic battery and illegal possession of an alcoholic beverage, and his unsuccessful completion of probation as aggravating circumstances. The court imposed concurrent sentences of two (2) years on each of Gibson's convictions and ordered him to serve that time at the Indiana Department of Correction. Gibson now appeals.

# Decision

[4] Gibson argues that: (1) the trial court erred by failing to advise him of his *Boykin* rights; and (2) his sentence is inappropriate. We will discuss each argument in turn.

### 1. Boykin Rights

Gibson first argues that the trial court erred by failing to advise him of his *Boykin*[3] rights during his guilty plea hearing. He contends that we should reverse his conviction and remand for a jury trial.

A trial court must be satisfied that the accused has been made aware of his right against self-incrimination, his right to a jury trial, and his right to confront his accusers before accepting a guilty plea. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Under *Boykin*, reversal of a conviction is required where the accused was not aware of or advised at the time of his plea that he was waiving his *Boykin* rights. *Dewitt v. State*, 755 N.E.2d 167, 171 (Ind. 2001).

Direct appeal based on a guilty plea, however, is an improper means by which to challenge a guilty plea conviction. *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996). As a general rule of Indiana jurisprudence, entering a guilty plea restricts the ability to challenge the conviction on direct appeal. *Id.* The proper avenue to challenge a conviction based upon a guilty plea is to file a petition for post-conviction relief pursuant to the Indiana Post-Conviction Rule 1. *Id.* at 396. Because Gibson improperly raises this challenge to his guilty plea conviction on direct appeal, we dismiss this argument. *Hays v. State*, 906 N.E.2d 819, 820 (Ind. 2009) (explaining that a conviction based upon a guilty plea may not be challenged on direct appeal and must be done by filing a petition for post-conviction relief).

---

[3] *Boykin v. Alabama*, 395 U.S. 238 (1969).

## 2. Inappropriate Sentence

Gibson argues that his aggregate two-year sentence for his Level 6 felony convictions was inappropriate. Gibson, who was twenty-six years old at the time of his offenses and had a criminal history, suggests that his sentence is inappropriate because his previous crimes occurred more than five years prior to the current offenses.

This Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of proving that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id*. at 1224.

When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. In the present case, Gibson pled guilty to Level 6 felony strangulation and Level 6 felony battery. At the time of Gibson's offense, a Level 6 felony conviction carried a sentencing range of six months to two and one-half years. I.C. § 35-

50-2-7(b). During sentencing, the trial court found two aggravating factors: (1) a previous criminal history; and (2) unsuccessful completion of probation. The trial court imposed concurrent two year sentences for both of Gibson's convictions, which is below the maximum advised by the Legislature.

[11] Details regarding the nature of Gibson's offenses is limited by the bare-boned factual basis set forth during the guilty plea hearing. Nevertheless, his offenses involve strangling and committing battery against Hicks, who was his girlfriend and mother of his child. Gibson committed the offenses in the presence of the five-year-old child he shared with the victim and "knew the child was present and might be able to see or hear the offense." (Tr. 16). The severity of this offense is exacerbated by the fact that Gibson committed a similar crime on the same victim prior to this offense.

[12] Turning to Gibson's character we note that, Gibson has a prior domestic battery conviction for which he was unsuccessfully discharged from probation. Gibson claims that his only two prior run-ins with the criminal justice system as an adult are not evidence of his criminal character because they occurred five years before his current offenses. He also asserts that his character is further offset by the fact that he was self-employed and enrolled at Ivy Tech Community College at the time of his sentencing.[4] While Gibson's enrollment

---

[4] Gibson seems to argue that the trial court improperly considered his criminal history as an aggravating factor because his crimes are too remote. Gibson's argument is essentially asking us to "reweigh" the factors used by the trial court which we will not do. *See Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). *clarified*

and employment are commendable, we note that Gibson's prior domestic battery offense is similar to the offense in the present case and was also perpetrated against Hicks, the same victim as in this case. The fact that Gibson committed a substantially similar crime against the same victim reveals, as the State contends, that Gibson may be willing to repeat the offense in the future. Additionally, affording Gibson a reduced sentence would undermine the criminal system because he was given the opportunity for rehabilitation when he was placed on probation for the first offense, but he chose to commit the same offense against the same victim.

[13] Gibson has not persuaded us that his aggregate two-year sentence for his Level 6 felony convictions is inappropriate in light of the nature of the offense and his character. Therefore, we affirm the trial court's sentence.

[14] Dismissed in part and affirmed in part.

Kirsch, J., and Riley, J., concur.

---

*on reh'g,* 875 N.E.2d 218 (Ind. 2007). Additionally, even a limited criminal history will suffice as an aggravating factor. *See Atwood v. State*, 905 N.E.2d 479, 488 (Ind. Ct. App. 2009).