# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 25 2017, 8:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Ronald Collins, III
*Appellant-Defendant*,

v.

State of Indiana,
*Appellee-Plaintiff*.

April 25, 2017

Court of Appeals Case No.
79A02-1611-CR-2574

Appeal from the Tippecanoe Superior Court

The Honorable Steven Meyer, Judge

Trial Court Cause No.
79D02-1604-F5-65

**Brown, Judge.**

[1] Ronald Collins, III, appeals his sentence for robbery as a level 5 felony and theft as a class A misdemeanor. Collins raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

*Facts and Procedural History*

[2] On April 24, 2016, Collins and Stacey Cooper knowingly and intentionally took property, including U.S. currency, a purse, identification cards, debit and credit cards, and a phone, from Karen Bassett by threatening to use force or by putting her in fear. Collins and Cooper took property from Bassett with the intention to deprive her of those items without compensation.

[3] On April 26, 2016, the State charged Collins with conspiracy to commit robbery as a level 5 felony, robbery as a level 5 felony, and theft as a class A misdemeanor. On September 23, 2016, Collins pled guilty to robbery as a level 5 felony and theft as a class A misdemeanor pursuant to a plea agreement. The State agreed to dismiss the charge of conspiracy to commit robbery as a level 5 felony.

[4] On October 20, 2016, the court held a sentencing hearing. When asked what he would say to the victim if she were there, Collins answered:

> I would apologize for my actions and tell her that I wish I could take it back. Words can't explain how I feel about the action that took place because I understand when something happens to someone, it can be very traumatic to them. It could put them in a predicament of a lot of stress when they get anything, anywhere close to the situation, or in that area or anything surrounding that

> situation can put them in fear or have them scared and that sort of matter.

Transcript at 27. Collins testified that he was a "crack baby" and that he was abused and beaten until he was adopted by his grandmother. *Id.* at 28. He testified that he joined the U.S. Navy, had a "great Navy career," and was discharged in 2010. *Id.* at 28-29. He stated: "But my daughter was sexually assaulted while I was in the military and I went AWOL trying to do things my way, and, it ended up, ended my Navy career and every [sic] since then, you know, I kind of checked out of life." *Id.* at 29. He testified that he worked at a construction company for a couple of years, worked at a cleaning service for his aunt, worked at "Wabash for a little while . . . [b]ut my career at Wabash didn't last, it was a discrepancy because there was family members that were there working with me, and I had an altercation. I ended up losing my job behind that, so." *Id.* at 29-30. The presentence investigation report ("PSI") includes Collins's version of the offense in which he indicated that the robbery was Cooper's idea and that "in a way I guess I'm guilty." Appellant's Appendix at 82.

[5] The court found Collins's criminal history, the fact he was on probation at the time of the offense, and the "repetitive nature of this offense" as aggravating factors. *Id.* at 57. The court stated that "accepting full responsibility is a bit questionable here" and that it would not "go so far as to say you're accepting full responsibility for it." Transcript at 43. The court found Collins's expression of remorse, his guilty plea, and his difficult childhood as mitigating

factors and sentenced him to concurrent sentences of four years for robbery as a level 5 felony and one year for theft as a class A misdemeanor. It ordered that Collins execute two years at the Department of Correction, one year with Tippecanoe County Community Corrections at a level to be determined by Community Corrections, and that one year be suspended to supervised probation.

## Discussion

[6]   The issue is whether Collins's sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7]   Collins argues that his offense is less egregious than a typical robbery and that no weapon was used and the victim was not injured. He also points out that he pled guilty, took responsibility for his actions, served in the military, suffers from post-traumatic stress disorder, has three minor children, and has no prior felony convictions.

[8]   Our review of the nature of the offense reveals that Collins and Cooper knowingly and intentionally took property, including U.S. currency, a purse, identification cards, debit and credit cards, and a phone, from Bassett by

threatening to use force or by putting her in fear with the intention to deprive her of those items without compensation.

[9] Our review of the character of the offender reveals that Collins pled guilty, and the State dismissed the charge of conspiracy to commit robbery as a level 5 felony. Collins, who was born in 1984, indicated that he suffers from post-traumatic stress disorder, depression, and anxiety. He served eight years in the military and was released in 2010 with an "[o]ther than honorable" discharge because he went AWOL in 2008. Transcript at 27. He reported that his parents were physically and emotionally abusive, and that he used marijuana twice per day between the ages of twenty-six and thirty-two and synthetic marijuana twice per day between the ages of thirty-one and thirty-two. He has three children with three different mothers, and the children live in three different states. He indicated that he was not ordered to pay child support.

[10] Collins was charged with domestic battery in 2001 and battery in 2002, but the PSI does not reveal any dispositions. In 2009 and 2011, Collins was convicted of driving with a suspended or revoked license as a misdemeanor. In 2011, he was convicted of possession of marijuana as a misdemeanor and theft as a gross misdemeanor in Washington. In 2013, he was charged with domestic battery in Illinois, but the PSI does not reveal a disposition. In 2015, Collins was convicted of theft and possession of synthetic drug or lookalike substance as class A misdemeanors in Tippecanoe County. That same year, he was charged with criminal trespass as a class A misdemeanor, and the case was dismissed. Collins was on probation for possession of synthetic marijuana and theft at the

time of the offenses. The PSI states that his overall risk assessment score using the Indiana risk assessment system places him in the moderate risk to reoffend category.

[11] After due consideration, we conclude that Collins has not sustained his burden of establishing that his sentence of four years with two years executed at the Department of Correction, one year with the Tippecanoe County Community Corrections, and one year suspended to supervised probation is inappropriate in light of the nature of the offense and his character.[1]

## *Conclusion*

[12] For the foregoing reasons, we affirm Collins's sentence.

[13] Affirmed.

May, J., and Pyle, J., concur.

---

[1] In his statement of facts, Collins asserts that the charges of robbery and theft were supported by the same set of facts and "it appears that" the theft charge "is a lesser included offense of" the robbery charge. Appellant's Brief at 5 n.1. To the extent Collins challenges his conviction for theft, the Indiana Supreme Court has held that a conviction based upon a guilty plea may not be challenged by direct appeal and that the proper avenue for challenging one's conviction pursuant to a guilty plea is through filing a petition for post-conviction relief. *Hayes v. State*, 906 N.E.2d 819, 821 n.1 (Ind. 2009) (citing *Tumulty v. State*, 666 N.E.2d 394, 395-396 (Ind. 1996)). In addition, the Indiana Supreme Court has also held that "[d]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy." *Lee v. State*, 816 N.E.2d 35, 40 (Ind. 2004) (quoting *Davis v. State*, 771 N.E.2d 647, 649 n.4 (Ind. 2002) (citation and quotation omitted)). Collins cites no authority and does not develop an argument that he did not receive a benefit from the dismissal of the charge of conspiracy to commit robbery.