SCOTT L. WEYLS *v.* STATE OF INDIANA.

[No. 976S282. Filed May 10, 1977.]

*Robert F. Hellmann,* of Terre Haute, *Dexter L. Bolin,* of Terre Haute, for appellant.

*Theodore L. Sendak,* Attorney General, *David L. Steiner,* Deputy Attorney General, for appellee.

DeBruler, J.—Appellant, Scott Weyls, was charged by information with first degree murder, Ind. Code § 35-13-4-1 (Burns 1975). Pursuant to a plea bargain agreement with the prosecutor, appellant plead guilty to the offenses of second degree murder, Ind. Code § 35-1-54-1 (Burns 1975), and commission of a felony (robbery) while armed, Ind. Code § 35-12-1-1 (Burns 1975). The prosecutor in return agreed to dismiss the charge of first degree murder, and recommended concurrent sentences of fifteen years imprisonment for the armed robbery and fifteen to twenty-five years for the murder. The trial court accepted appellant's plea of guilty to each charge and sentenced appellant according to the prosecutor's recommendation.

Appellant filed a timely motion to correct errors, which was overruled, and he appeals. Appellant's sole contention is that the sentence for second degree murder, other than life, is determinate, and that the trial court therefore erred in imposing an indeterminate sentence on appellant.

We note preliminarily that while a conviction based upon a guilty plea may not be challenged by motion to correct errors and direct appeal, *Crain* v. *State,* (1973) 261 Ind. 272, 301 N.E.2d 751, an error in a sentence imposed upon a guilty plea may be so challenged.

Section 35-1-54-1, defining the offense of second degree murder and the penalty therefor, reads as follows:

"Whoever purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in

the second degree, and, on conviction, shall be imprisoned in the state prison during life, or shall be imprisoned in the state prison not less than fifteen [15] nor more than twenty-five [25] years."

The alternative sentence of fifteen to twenty-five years was added by a 1969 amendment. Ch. 95, § 1 [1969] Ind. Acts 214. Appellant was charged and sentenced after this amendment became effective.

Indiana Code §§ 35-8-2-1 to -3 (Burns (1975) govern the imposition of determinate and indeterminate sentences. Sections 35-8-2-2 and -3 provide that all persons convicted of felonies other than treason and first and second degree murder shall be sentenced for an indeterminate term of imprisonment of not less than the minimum or more than the maximum term prescribed by the statute defining the felony. Section 35-8-2-1 requires the trier of fact to assess the penalty in cases not within the indeterminate sentencing provisions.

Appellant argues that the offense of which he was convicted, second degree murder, is specifically exempted from the indeterminate sentencing provisions by § 35-8-2-2, and that therefore, the court had the duty under § 35-8-2-1 to impose a determinate sentence.

The indeterminate sentence statute instituted the indeterminate sentence and established a correctional system to carry out its policies. It deals with the nature of sentences and the proper repository of the authority to make sentencing decisions. In arriving at judgments about these subjects the statute places no reliance upon the definition of particular crimes and no consideration is given to the type of harm produced by particular criminal acts. However, in the language used in the exception under consideration the crimes of treason and first and second degree murder are uncharacteristically identified by name. Central to appellant's contention is the premise that these three specific crimes were singled out from the class of all felonies and included in this special exemption provision because of the nature of them as crimes, and without regard to the sen-

tences authorized by the statutes defining them. If the meaning attributed to this exception by appellant is correct we must accept a basis for the exception which is unlike the basis underlying the remainder of the statute. Indeed, we would have to believe that the Legislature considered the nature of these crimes and from such consideration concluded that it would be contrary to the policy of the statute for some future legislature to establish an indeterminate sentence for these crimes.

At the time this statute was first enacted as the Reformatory Act in 1897 and its later re-enactment in 1927, the only crimes for which death or life imprisonment were provided were the three included in the exception. There is nothing in the statute which would indicate that its policies were based upon a consideration of the substantive elements of the crimes affected. The offenses of murder and treason are included together in this category though their substantive elements have little in common. Moreover, the single common thread which runs through all three offenses is the possibility of life imprisonment.

This statute introduced the indeterminate sentence concept into the law for the first time, and it therefore would appear that one reason for the express exception of treason and first and second degree murder from the ambit of its indeterminate sentence provisions was to preclude the illogical conclusion that life imprisonment is an indeterminate sentence. Another reason for adopting this exception was to assure that the authority to assess the penalties of life imprisonment and death for murder and treason be invested in judges and juries.

Upon consideration of this exemption provision in its context within the statute and in light of its historical background, the central premise of appellant's interpretation cannot be correct. In view of the general subject matter of the statute it is most likely that the exception was related at least in part to the penalties

provided for the crimes within the excepted category. Indeed, we are convinced that the existence of the life and death penalties for these three crimes was an essential factor in producing the legislative decision to make specific mention of them and to exclude them from the effect of the indeterminate sentence provisions. We, therefore, hold that the exclusion of treason and first and second degree murder from the effect of the indeterminate sentence provisions of §§ 35-8-2-2 and 35-8-2-3, was not intended to go so far as to require alternative indeterminate sentences, incorporated into the statutes defining those crimes, to be treated as determinate sentences through the operation of § 35-8-2-1. The trial court correctly sentenced appellant and its judgment is affirmed.

Givan, C.J., Arterburn, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 362 N.E.2d 481.