**Jeffrey E. TUMULTY, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 48S02–9505–CR–549.

Supreme Court of Indiana.

May 30, 1996.

William D. McCarty, Anderson, for Appellant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Appellant Jeffrey E. Tumulty asked the Madison Circuit Court to withdraw his plea of not guilty and accept his plea of guilty to all the filed charges against him. The trial court allowed the change and accepted his plea. He now seeks to challenge that acceptance on direct appeal. He may not do so.

### I. Statement of Facts

The charges resulted from Tumulty's conduct on August 3, 1993, when he attempted to force a woman he knew to submit to anal intercourse at her Elwood home. As she

fought him off, Tumulty struck her in the face. Alerted by the struggle, her brother came to her aid and was able to push Tumulty over a chair when he "went for" the siblings' mother. (R. at 31.) While the brother was holding Tumulty down, Tumulty grabbed his ring finger and twisted it back, which caused "a loud cracking noise" (R. at 31.) as the finger fractured.

Tumulty was charged with attempted criminal deviate conduct as a class B felony, Ind.Code Ann. 35–41–5–1 (West 1986), Ind. Code Ann. § 35–42–4–2 (West 1986), two counts of battery as a C felony, Ind.Code Ann. § 35–42–2–1(3) (West 1986) and being a habitual offender, Ind.Code Ann. § 35–50–2–8 (West's Supp.1995).

In the midst of his trial in Madison Circuit Court, and after the female victim had testified, Tumulty told the trial court he wished to plead guilty to all counts. With the jury out of the courtroom, Tumulty replied affirmatively when the trial court asked, "And you are leaving sentencing up to the court?" (R. at 60.) As a result, what had begun as a trial on February 2, 1994, turned into a guilty plea hearing.

The court sentenced Tumulty to a twenty-year term for his attempted criminal deviate conduct conviction. This sentence was enhanced by twenty years by virtue of the habitual offender finding. For the two battery counts Tumulty received concurrent four year sentences on each count, to be served consecutive to the criminal deviate conduct sentence. The effective sentence is thus forty-four years.

Tumulty now seeks to appeal the trial court's acceptance of his plea to the habitual offender claim, contending that there was no factual basis in support of it. To maintain such an appeal, he must overcome the long-standing prohibition against challenging a guilty plea by direct appeal.

## II. Is Direct Appeal the Proper Remedy?

■ We have long recognized that a defendant may forgo a trial and plead guilty. Without question, "[a]n accused has the right to elect as to whether he will stand trial or plead guilty." *Abraham et al. v. State*, 228 Ind. 179, 185, 91 N.E.2d 358, 360 (1950).

With that election, of course, a defendant gives up certain rights.

Indiana's trial courts are obliged to inform a defendant pleading guilty that he is waiving his right to a public and speedy trial, to confront and cross-examine witnesses, to have witnesses testify in the defendant's favor and to require the State to prove guilt beyond a reasonable doubt. Ind.Code Ann. § 35–35–1–2 (West 1986). "Strict compliance with our statute is demanded of our trial courts in order to determine that any waiver of fundamental constitutional rights is knowingly and intelligently given." *Davis v. State*, 446 N.E.2d 1317, 1321 (Ind.1983).

In the course of a guilty plea hearing, two sorts of actions occur. One is a legal act by the defendant—giving up various statutory and constitutional rights and pleading guilty to the State's charge. The other act involves determinations of factual guilt. *See, e.g.*, Ind.Code Ann. § 35–35–1–3(b) (West 1986) (court must determine there is a factual basis for plea); Ind.Code Ann. § 35–4.1–1–3 (Burn's 1985) (repealed and replaced by Ind. Code Ann. § 35–35–1–3 (West's Supp.1995)) (defendant must be informed that guilty plea admits the truth of the facts alleged); *Ross v. State*, 456 N.E.2d 420 (Ind.1983) (court may not accept plea of defendant who proclaims factual innocence).

One consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal. In *Weyls v. State*, 266 Ind. 301, 362 N.E.2d 481 (1977), Justice De-Bruler restated the long-standing principle that "a conviction based upon a guilty plea may not be challenged by motion to correct errors and direct appeal." *Id.* at 302, 362 N.E.2d at 482, citing *Crain v. State*, 261 Ind. 272, 301 N.E.2d 751 (1973). *Accord, Snow v. State*, 245 Ind. 423, 195 N.E.2d 468 (1964); *Meyers v. State*, 156 Ind. 388, 59 N.E. 1052 (1901).

In the face of this precedent, the Court of Appeals held in this case that a defendant should be permitted to appeal from a plea of guilty whenever the record of the guilty plea is adequate to resolve the issue being appealed. *Tumulty v. State*, 647 N.E.2d 361, 364 (Ind.Ct.App.1995). Under this approach, the determination of whether the record was ad-

equate would apparently be made after the appeal was fully briefed in the court on appeal, as the Court of Appeals did in Tumulty's case. *Id.* Though the Court of Appeals did not say so, surely this right would not be one forfeitable due to poverty; counsel would necessarily be offered at public expense. *Webb v. Baird,* 6 Ind. 13 (1854).

The long-standing judicial precedent limiting the avenue of direct appeal for guilty plea challenges stands on multiple grounds. First, the plea as a legal act brings to a close the dispute between the parties, much as settling civil parties do by submitting an agreed judgment. To permit appeal by settling parties would, of course, make settlements difficult to achieve in any litigation.

There is a practical reason for the limit on appeals. Of the 31,973 criminal cases adjudicated by Indiana trial courts in 1994 (the most recent figures available), some 28,867, or ninety percent were disposed of by guilty plea.[1] Allowing the new remedy of direct appeal for those 28,867 guilty pleas has the potential to multiply dramatically the caseload in the appellate courts by offering appeals to thousands of admitted felons. In the same year the state's appellate courts heard 1,116 direct criminal appeals.[2]

We have created an avenue for claims such as Tumulty's by adopting Indiana Post–Conviction Rule 1. The rationale for this rule was explained in *Crain,* 261 Ind. 272, 301 N.E.2d 751:

> [T]he type and extent of evidentiary hearing afforded at a post-conviction proceeding is much broader than a hearing on a motion to correct errors and specifically designed to allow appellant an opportunity to establish the factual assertions he makes concerning his guilty plea.

*Id.* at 273, 301 N.E.2d at 751–752.

Indeed, we have recently held that post-conviction relief is exactly the vehicle for pursuing the claims Tumulty seeks to present on direct appeal. *Butler v. State,* 658 N.E.2d 72 (Ind.1995).

## III.   Review of Tumulty's Sentence

By contrast to the prohibition on appealing the trial's court's acceptance of a plea, a defendant is entitled to contest the merits of a trial court's sentencing discretion where the court has exercised sentencing discretion, as it did here.

■ Tumulty contends that the trial court did not articulate reasons sufficient to enhance his sentence for attempted criminal deviate conduct by ten years. The trial court found as aggravating circumstances Tumulty's prior criminal history (namely, burglary, four counts of battery and theft) and his history of his abuse of the victim in this case. The judge found his relative youth, his affection for his daughter, his good conduct in jail and the money he saved taxpayers by pleading guilty to be mitigating factors. Balancing these factors, the court concluded that the factors in aggravation were weightier and warranted enhancement. We review such claims under an abuse of discretion standard. *Butler,* 658 N.E.2d at 77. We cannot say that the trial court's balancing in this case was such an abuse. Moreover, we cannot say that it was manifestly unreasonable under Appellate Rule 17(B), as Tumulty also contends.

## IV.   Conclusion

We grant transfer and vacate the opinion of the Court of Appeals. Ind.Appellate Rule 11(B)(3). The trial court is affirmed in all respects.

DeBRULER, DICKSON, and SULLIVAN, JJ., concur.

SELBY, J., concurs in result.

---

**1.**  Indiana Judicial Report 74, 75, 77 (1994).

**2.**  *Id.* at 21, 34.