**Kirk R. MARTIN, Petitioner,**

v.

**Rodney JACKSON, Respondent.**

**No. 1:00CV 0399 AS.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

July 17, 2001.

Kirk R. Martin, Huntington, IN, pro se.

Joseph A. Samreta, Indianapolis, IN, for Respondent.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

On October 19, 2000, *pro se* petitioner Kirk R. Martin, filed a petition seeking relief under 28 U.S.C. § 2254. At the time, he was in custody at the Indiana Correctional Industrial Facility in Pendleton, Indiana, and was identified as prisoner number 984959. The Response filed on behalf of the respondent by the Attorney General of Indiana on February 28, 2001, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). This petitioner also filed a Traverse on May 31, 2001, which this court has carefully examined.

## I. RELEVANT FACTS

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. The sentence which Martin attacks with his habeas petition was imposed on April 7, 1997. Resp.'s Mem. in Supp. at 2. In that case, he was charged with Driving While Intoxicated (the "first cause"), with a blood alcohol level of 10, but in a plea agreement worked out with the State's attorney, Martin was allowed to plead guilty to reckless driving. Id. He received a sentence of 180 days, with all but six (6) days suspended, followed by one year of probation. Id. In addition, the trial court recommended that Martin's driving privileges be suspended for 180 days. Id. It is this part of the sentence that Martin challenges, stating that in the agreement he worked out with the Assistant Prosecutor, he was only supposed to get his license suspended for 90 days, retroactive to his arrest date on February 2, 1997. Pet. at 5. Martin has not provided the Court with a copy of this agreement, and claims that he was too intoxicated at the hearing to notice the change and object. Id. at 8. He served his six (6) days and was released from custody.

On August 26, 1997, Martin was charged a second time with Driving While Intoxicated (the "second cause"), with additional counts for Driving while Suspended and Failure to Obey a Traffic Signal. Resp. Ex. B. Martin pled guilty on September 29, 1997, this time with the help of counsel, to the charges of Driving While Intoxicated and Driving While Suspended. He received identical sentences on the two counts: 365 days, suspended except for 180 days, driving privileges suspended for one year, with the two sentences to run concurrently. In other words, the driving while suspended charge did not add any additional time to his sentence over what he would have received if he was only found guilty of driving while intoxicated.

Martin served 90 days in the Huntington County Jail. During that time, he filed a demand for access to courts, and a hearing was held. On November 3, 1997, the Court determined that Martin lacked meaningful access to the courts and granted the petitioner's motion, requiring the Huntington County Jail to transport him to the law library in the Huntington County Courthouse, or to the Department of Correc-

tions where an adequate law library is available and allow him access for one hour during each two week period of time.

On January 26, 1998, shortly after his release from prison, Martin was again arrested and charged with Driving While Intoxicated (the "third cause"), with additional charges for driving while suspended, refusing to provide identification, driving on the left side of the road, and having an open container in the car. Resp.'s Ex. C. He was found guilty at a bench trial held June 11, 1998, on Count 1, Driving While Intoxicated; Count 3, Driving While Suspended; Count 4, Refusal to Identify; and Count 6, Left of Center. In a second phase of proceedings, the Court also found Martin guilty of Count 2, Driving While Intoxicated, 2nd Offense; and Habitual Substance Offender. The Court did not enter judgement at this time, pending oral argument on the issue of double jeopardy. The Court held a hearing on July 13, and entered final judgment. Martin received one and one-half years for Count 2, Driving While Intoxicated, 2nd, and five years for Count 8, Habitual Substance Offender, to run consecutive to the sentence on Count 2. He received an additional 60 days for Count 4, to run concurrent with Count 2. Counts 1, 3, 5, 6, and 7 were dismissed.

On April 28, 1998, while awaiting trial on the third cause for driving while intoxicated, Martin for the first time filed a petition for post conviction relief in State court challenging his conviction and sentence on the first charge. Resp.'s Ex. A. He had pled guilty more than a year prior to his filing of the petition, and final judgment entered, on April 7, 1997. Id. Apparently, Martin had no reason to challenge the first conviction until he realized that it could be used to enhance his sentence if convicted on the pending charge.

On June 18, 1998, the Court revoked Martin's probation on the second cause because he was found guilty of driving while intoxicated, second offense. Resp.'s Ex. B at 5. On July 13, 1998, the Court ordered the balance of the original sentence on the second cause be served, to run consecutive to the sentence given in the third cause. Id. Probation on the first cause was never revoked. The State filed two petitions to revoke probation on the first cause, on August 19, 1997, and on October 15, 1997, but both times, the State moved to dismiss the petitions, and the motions were granted. Resp.'s Ex. A at 3–4.

The State Court held a hearing on Martin's petition for post conviction relief on August 4, 1998, but Martin failed to appear. Resp.'s Ex. A at 5. The Court held that Martin failed to meet his burden of proof, therefore his petition was denied. Id. Martin claims he was not notified of the hearing date because "the deputy clerk of the court, Mrs. Rita Johnson ... deliberately and maliciously (for personal vindictive reasons) refused to inform Mr. Martin that the court had set an evidentiary hearing date of August 4, 1998." Traverse at 2. Martin first filed a Motion to Correct Errors with the trial court, which was denied. Martin appealed the denial of post conviction relief, but it was affirmed by the Indiana Court of Appeals, and the Indiana Supreme Court denied transfer.

Martin found out on March 3, 2000, that transfer was denied. Traverse at 2. His next step was to file a civil complaint in federal court under 42 U.S.C. § 1983 against Johnson and others involved in the evidentiary hearing on his petition for post conviction relief. On September 13, 2000, Chief Judge Lee dismissed Martin's § 1983 suit on the basis that granting the relief Martin sought would require concluding first that his conviction or sentence was invalid. Petitioner's Ex. 3 at 5. Judge Lee noted that under the doctrine established by the Supreme Court of the United States in *Heck v. Humphrey,* 512 U.S. 477,

114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), a federal court cannot grant relief under § 1983 that would require a finding or judgment rendering a state conviction or sentence invalid. *Id.* Martin appealed that ruling to the Seventh Circuit Court of Appeals, and it is still pending.

On October 19, 2000, Martin filed a Petition for a Writ of Habeas Corpus asking this Court to find that his conviction and sentence on the first cause violated his rights under the Constitution. On February 28, 2001, the Respondent filed a Motion to Dismiss, to which Martin replied with a Traverse on May 31, 2001.

## II. JURISDICTION

This action was brought pursuant to 28 U.S.C. §§ 2241 and 2254, which provide federal relief for persons in custody pursuant to the judgment of a state court. Petitioner, Kirk Martin, was in the custody of Jack Duckworth, Superintendent of the Correctional Industrial Facility, when this petition was filed. However, the State argues that Martin cannot meet the jurisdictional requirement that he was "in custody" for the conviction that he attacks in this petition.

That question was recently addressed by the Supreme Court of the United States in *Lackawanna County District Attorney v. Coss*, 531 U.S. 923, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). In *Coss*, the Court resolved a similar custody question in favor of the petitioner, reasoning that where the petition could be interpreted as a challenge to the sentence he is currently serving, "as enhanced by the allegedly invalid prior ... conviction," he satisfied the "in custody" requirement. *Id.* at 1573. However, this case can be distinguished form *Coss* because the petition filed by Martin says nothing about the first sentence being used to enhance the third. It appears that Martin filed his federal habeas petition seeking to have the first conviction invalidated in order to pursue his § 1983 claim against Johnson, the State court judge and others, and not as a means of challenging his third conviction.

Martin attempts to make an "in custody" argument in his Traverse, as follows:

> Mr. Martin is currently on parole because of his conviction in cause number 35D01–9801–DF–0013 ... [the third cause]. If Mr. Martin's guilty plea in Cause 0153 [the first cause] were found to be unconstitutional, then his conviction in Cause 0918 [the second cause] would have to be vacated, and when his conviction in Cause 0918 is vacated, then his conviction in Cause 0013 [the third cause] would have to be vacated because Cause 0013 is dependent on the Cause 0918 conviction. Therefore, an argument can be made that Mr. Martin is 'in custody' because of the Cause 0153 conviction that he is trying to have vacated by this court.

Traverse at 4. Martin does not explain why he believes that invalidating his first conviction would require the later convictions to be vacated, and this Court cannot find one in the record. The State has provided Chronological Case Summaries on all three state court proceedings, and they do not support the Petitioner's contentions.

Martin's second cause, 0918, contained a conviction for DUI independent of the first, and would stand regardless of the status of the first cause. He was also convicted of driving without a license, which was affected by his first conviction, but the sentence was set to run concurrent with the sentence for the DUI, so vacating it would not affect his sentence. The final sentence on his third cause included convictions for DUI, second offense; for refusal to identify; and a finding of habitual substance offender, which added five years to his sentence. The cause Martin seeks to have set aside is for reckless driving and does not appear to have affected any

of these sentences. Martin has failed to show that the conviction for which he was in custody at the time he filed his habeas petition was enhanced or in some way affected by the earlier conviction he is challenging. *Cf., Coss,* 121 S.Ct. at 1573 (stating that the petitioner met the "in custody" requirement where his § 2254 petition could be read as asserting a challenge to his most recent sentence as enhanced by an allegedly invalid prior conviction). Therefore, Martin is no longer "in custody" on the first conviction for purposes of federal habeas jurisdiction.

 Federal courts lack jurisdiction to consider a habeas petition challenging a sentence which was fully expired at the time the petition was filed. *Maleng v. Cook,* 490 U.S. 488, 490–92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). However, this Court notes that, even if Martin was in custody on the conviction he is challenging, the one year statutory period for filing a federal habeas petition expired long before he filed this petition. Under § 2244(d), Martin had a total of 365 days within which to file his petition from the time his conviction became final by the entry of judgment on his guilty plea, since he was not eligible to file for direct review. *See, Prowell v. State,* 687 N.E.2d 563, 564 n. 1 (Ind.1997), *citing, Tumulty v. State,* 666 N.E.2d 394 (Ind.1996). Judgment was entered on April 7, 1997, but Martin did not file for federal habeas relief until October 19, 2000, almost three and one-half years later.

 Even though the statute of limitations was tolled during the time his properly filed state application for post-conviction relief was pending, that only subtracts the time period from April 28, 1998, when Martin filed for State post-conviction relief, until November 9, 1999, when the Indiana Supreme Court denied transfer. Martin accumulated about 386 days of delay time before he filed for post-conviction

relief, and another approximately 345 days between the Supreme Court's denial of transfer and the filing of his habeas petition, for a total of 731 days of delay time. During the second delay, he filed a claim under 28 U.S.C. § 1983 because the county clerk allegedly failed to notify him of the hearing date on his petition for post-conviction relief, but filing a federal lawsuit under § 1983 does not toll. the statute. *Cf., Duncan v. Walker,* 531 U.S. 991, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)(holding that an application for federal habeas corpus review is not "application for State post-conviction or other collateral review" within the meaning of the tolling provision of the AEDPA). Therefore, Martin was well past the one year limit when he filed his federal habeas petition.

 The Seventh Circuit has strictly applied the one year statute of limitations, even denying a petition under 28 U.S.C. § 2255 that was only one day late. *United States v. Marcello,* 212 F.3d 1005 (2000). Although the limitations period is not jurisdictional and can be equitably tolled, the Court finds no reason to toll it in this case. Martin alleges that is should be tolled for the 90 days that he was in county jail and lacked access to an adequate law library, but even if the Court allowed the 90 days to be taken out, Martin still misses the 365 day mark by about 286 days. Therefore, the Court finds that even if Martin were in custody for purposes of federal habeas jurisdiction, his petition would be barred by the running of the one year limitations period.

### III. CONCLUSION

The petition for relief under 28 U.S.C. § 2254 is now **DENIED**.

**IT IS SO ORDERED.**