ATTORNEY FOR APPELLANT
Ann M. Sutton
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Jun 30 2008, 2:29 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S04-0806-PC-371

PHILLIP MILES,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff  below).*

Appeal from the Marion Superior Court, Criminal Division 2,
No. 49G02-0111-FC-223525,
The Honorable Robert Altice, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A04-0504-PC-219

**June 30, 2008**

**Per Curiam.**

Phillip Miles argued with Steven Buddy Reed over a debt for crack cocaine, and Miles shot Reed in the face. Flora Murff attempted to help Reed, and Miles shot Murff in the head. Both Reed and Murff died.

Miles pleaded guilty, without a plea agreement, to two counts of Murder, Indiana Code section 35-42-1-1, one count of Carrying a Handgun Without a License, Indiana Code section 35-47-2-1 (a Class A misdemeanor), and one count of Dangerous Possession of a Handgun, Indiana Code section 35-47-10-5 (also a Class A Misdemeanor). The trial court sentenced Miles to consecutive forty-five year terms for each murder with twenty-five years suspended, and, after merging the misdemeanor offenses, to a single concurrent one-year term for the handgun offense. Thus, the total executed sentence was sixty-five years.

Miles appealed the sentence, arguing the trial court should have found more mitigating circumstances and asking that the executed sentence be reduced pursuant to an appellate court's power to review and revise sentences. *See* Ind. Const. art. VII, §§ 4 & 6; Ind. Appellate Rule 7(B). Deciding that Miles had forfeited the opportunity for appellate sentence review under the "invited error doctrine" when defense counsel asked the trial court to impose "no more than a sixty-five year sentence," the Court of Appeals affirmed. Miles v. State, 847 N.E.2d 275 (Ind. Ct. App. 2006) (table; unpublished decision), *vacated*.

We grant transfer because Miles is not precluded from seeking appellate sentence review under the circumstances. In Childress v. State, 848 N.E.2d 1073 (Ind. 2006), we rejected the argument that defendants, by entering plea agreements that specify a sentence range, have acquiesced to a sentence in the specified range and thus forfeit the opportunity for appellate sentence review. We held that such defendants may raise the appropriateness of a sentence imposed under the terms of such plea agreements. *See* id. at 1079-80. Similarly here, defense

2

counsel's arguments at the sentencing hearing about a sixty-five year sentence does not equate to "invited error" or acquiescence in a sixty-five year sentence such that Miles is precluded from asking an appellate court to review his sentence. Rather, the trial court exercised discretion in determining Miles's sentence and Miles is entitled to contest the reasonableness of a trial court's sentencing discretion on appeal. *See* Id. at 1078-79; *see also* Tumulty v. State, 666 N.E.2d 394, 396 (Ind. 1996) (providing appellate sentence review to defendant on open plea).

Having reviewed the merits of Miles's argument that the sentence should be revised, however, we conclude the sentence was not inappropriate in light of the nature of the offenses and the character of the offender.

Accordingly, we grant transfer, thus vacating the Memorandum Decision of the Court of Appeals, and affirm the sentence.

Shepard, C.J., and Dickson, Sullivan, Boehm, and Rucker, JJ., concur.