**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 20 2012, 8:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JAKESHA J. WILMS, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No. 02A03-1102-CR-46 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D04-1006-FD-613

**April 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Jakesha Wilms appeals her guilty plea and the termination of her participation in a drug court diversion program. We affirm.

## Issues

Wilms raises two issues, which we restate as:

I.  whether she may challenge the factual basis supporting her guilty plea; and

II. whether the trial court properly terminated her participation in a drug court diversion program.

## Facts

On June 30, 2010, Wilms was charged with Class D felony possession of a controlled substance, Class A misdemeanor attempted criminal conversion, and Class B misdemeanor false reporting or informing. On July 19, 2010, Wilms pled guilty to the charges. The trial court took the guilty plea under advisement while Wilms participated in a drug court diversion program.

On December 6, 2010, the State filed a petition to terminate Wilms's participation in the drug court diversion program. The petition alleged that Wilms violated the terms of her Drug Court Participation Agreement by failing to appear for a scheduled hearing on August 9, 2010, absconding from the drug court diversion program, and being arrested for false informing. According to the petition, a bench warrant was issued on August 10, 2010, and was served on December 2, 2010.

At a December 6, 2010 hearing, the trial court found that Wilms violated the terms of the Drug Court Participation Agreement.[1] A sentencing hearing was held on January 10, 2011, at which the trial court entered convictions on the offenses that Wilms had pled guilty to on July 19, 2010. Finding that the aggravators balanced the mitigators, the trial court sentenced Wilms to one-and-one-half-years in the Department of Correction ("DOC") for the Class D felony conviction, one year for the Class A misdemeanor conviction, and sixty days for the Class B misdemeanor conviction. The trial court ordered the sentences to be served concurrently. Wilms now appeals.

**Analysis**

### I. Factual Basis

Wilms argues that that the factual basis supporting the July 19, 2010 guilty plea is insufficient. "One consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal." Tumulty v. State, 666 N.E.2d 394, 395 (Ind. 1996). Post-conviction relief is the proper vehicle for pursuing this type of claim. See id. at 396 (rejecting a defendant's challenge to the factual basis supporting his guilty plea to an habitual offender enhancement on direct appeal). Because Wilms may not challenge the factual basis supporting her guilty plea on direct appeal, we do not reach the merits of the claim.

### II. Termination of Participation in Drug Court Diversion Program

---

[1] A transcript of this hearing was not included in the record on appeal. Nevertheless, because of the nature of Wilms's argument regarding the termination of her participation in the drug court diversion program, we are able to review her claim.

Wilms argues that the trial court abused its discretion by terminating her participation in the drug court diversion program and by sentencing her to the DOC because there is no evidence of the efforts made to assist her with her addiction. The parties contend that Wilms's participation in the drug court diversion program is akin to a community corrections program. "Both probation and community corrections programs serve as alternatives to commitment to the DOC, and both are made at the sole discretion of the trial court." McQueen v. State, 862 N.E.2d 1237, 1242 (Ind. Ct. App. 2007). A defendant is not entitled to serve a sentence in either probation or a community corrections program; rather, placement in either is a "matter of grace" and a "conditional liberty that is a favor, not a right." Id. (internal quotations omitted).

Our review of the decision to revoke a community corrections placement mirrors that for the revocation of probation. Id. "That is, a revocation of community corrections placement hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence." Id. We consider the evidence most favorable to the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. Id. "If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of community corrections, we will affirm its decision to revoke placement." Id.

Wilms suggests that the petition fails to allege and the State failed to prove that "the best efforts" were given to assist her with her addiction. Appellant's Br. p. 7. She, however, provides no authority for the assertion that such must be alleged and proven before one's participation in a diversion program may be terminated. Thus, she has not

4

established that the trial court erroneously terminated her participation in the drug court diversion program.

As for her sentence to the DOC, Wilms has not established that the trial court abused its discretion. See Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007) (concluding that a trial court's sentencing decisions for probation violations are reviewable for an abuse of discretion). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." Id. Wilms, who was eighteen when she was charged with the offenses, had a criminal history that involved at least thirteen juvenile adjudications and three misdemeanor convictions as an adult. She had violated terms of juvenile probation on multiple occasions. Under these circumstances, the trial court did not abuse its discretion in terminating Wilms's participation in drug court diversion program and sentencing her to the DOC.

**Conclusion**

Wilms's challenge to the factual basis surrounding her guilty plea is not reviewable on direct appeal. Further, Wilms has not established the trial court improperly terminated her participation the drug court diversion program and sentenced her to the DOC. We affirm.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.