**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 17 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**CHRIS HITZ-BRADLEY**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MICHAEL LEE MASSING,                        )
                                            )
    Appellant-Defendant,               )
                                            )
      vs.                          )    No. 20A04-1110-CR-602
                                            )
STATE OF INDIANA,                           )
                                            )
    Appellee-Plaintiff.                )

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Gene R. Duffin, Special Judge
Cause No. 20C01-9701-CF-4

**May 17, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Petitioner, Michael Lee Massing (Massing), appeals the trial court's denial of his petition to file a belated notice of appeal.

We affirm.

## ISSUE

Massing raises one issue on appeal, which we restate as: Whether the trial court properly determined that Massing had not been diligent in seeking an appeal of his sentence following his plea agreement.

## FACTS AND PROCEDURAL HISTORY

On January 27, 1997, the State filed an Information charging Massing with murder, a felony. On March 27, 1997, Massing pled guilty pursuant to a guilty plea agreement which capped his sentence at fifty-five years. On May 1, 1997, the trial court sentenced Massing to the maximum sentence allowed under the plea. The plea agreement included the statement that Massing "reserves the right to file for sentence modification." (Petitioner's Exh. A, p. 2). On September 15, 1997, Massing filed a *praecipe* for his guilty plea transcript, which the trial court granted. The transcript was mailed to Massing on December 9, 1997. On January 14, 2000, Massing filed another request for a transcript of his guilty plea hearing, alleging that he had lost the first copy. The trial court denied his request.

On December 8, 2006, Massing filed a motion to modify his sentence. On December 21, 2006, the trial court found that because more than a year had passed since

sentencing, it did not have jurisdiction to decide the motion without the State's recommendation and referred the motion to the State.[1]  On January 8, 2007, Massing filed a motion to correct error.  The trial court took the motion under advisement and requested a progress report from the Indiana Department of Correction.  On June 7, 2007, in the absence of the progress report, the trial court denied Massing's motion to correct error.

On June 25, 2007, Massing filed a verified petition for leave to file a belated notice of appeal which was denied by the trial court without a hearing.  Massing appealed and we remanded the case for an evidentiary hearing.  *See Massing v. State*, 20A04-0705-CR-461 (Ind. Ct. App. Jan. 14, 2008).  Thereafter, the trial court held an evidentiary hearing on March 10 and July 22, 2011.  During the hearing, Massing's trial counsel testified that at the time of Massing's guilty plea, he did not customarily advise his clients of their appellate rights because he left that to the trial judge's discretion.  However, as a general rule, he explained sentence modifications to his clients.  Massing stated during the hearing that it was his understanding from the plea agreement that he would return to court within a year after sentencing for a sentence modification.  He clarified that he was not aware of his right to appeal his sentence until 2006, when he talked to a law clerk at the Indiana State Prison.  Massing testified that he had obtained his GED in 2001, his associate degree in 2004, and his bachelor's degree in 2006.  On September 30, 2011, the trial court denied Massing's petition to file a belated appeal.

Massing now appeals.  Additional facts will be provided as necessary.

DISCUSSION AND DECISION

---

[1] The Chronological Case Summary does not include the State's recommendation.

3

Indiana Post-Conviction Rule 2(1) provides a defendant an opportunity to petition the trial court for permission to file a belated notice of appeal. It provides that

> [w]here an eligible defendant convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court where:
>
> (a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

The decision whether to grant permission to file a belated notice of appeal is within the sound discretion of the trial court. *Moshenek v. State*, 868 N.E.2d 419, 422 (Ind. 2007). The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion to appeal. *Id.* There are no set standards of fault or diligence, and each case turns on its own facts. *Id.* Several factors are relevant to the defendant's diligence and lack of fault in the delay of filing. These include the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay. *Id.* at 423. Because diligence and relative fault are fact sensitive, we give substantial deference to the trial court's ruling. *Id.*

Initially, we note that the trial court failed to inform Massing of his appellate rights during his sentencing hearing. In *Moshenek*, our supreme court elaborated that:

4

In order to meet the requirements of Post-Conviction Rule 2, it is not sufficient to point only to the fact that the trial court did not advise the defendant of the right to appeal a sentence after an "open plea." The right to appeal a sentence is not among those rights of which a trial court is required to inform a defendant before accepting a guilty plea. The fact that a trial court did not advise a defendant about this right can establish that the defendant was without fault in the delay of filing a timely appeal. However, a defendant still must establish diligence. Several factors are relevant to this inquiry. Among them are the overall passage of time; the extent to which the defendant was aware of relevant facts; and the degree to which delays are attributable to other parties, as . . . , the preparation of transcripts. When the overall time stretches into decades, a belated appeal becomes particularly problematic because of the risk that significant problems will be encountered in any retrial due to unavailable evidence or witnesses or failing memories.

*Id*. at 424.

Massing pled guilty in March of 1997 and was sentenced on May 1, 1997. He did not file a *praecipe* within thirty days of his sentencing. However, within four months of sentencing, in September 1997, Massing filed a *praecipe* for his guilty plea transcript which was granted and the transcript was mailed to him on December 9, 1997. Subsequently, two years later, on January 14, 2000, he requested another copy of this transcript, which was denied by the trial court. Thereafter, Massing failed to pursue any relief until six years later, on December 8, 2006, when he filed a motion to modify his sentence. After the trial court's denial of his motion for sentence modification, Massing filed his petition to file a belated appeal.

We cannot say that Massing was diligent in pursuing his petition to file a belated appeal under Post-Conviction Rule 2. Even though Massing quickly obtained a copy of the transcript of the guilty plea hearing, he sat on his rights for nine years following his sentencing, until December 8, 2006, when he initiated a motion to modify his sentence.

Furthermore, Massing's conviction for murder was not his first encounter with the criminal system: the record indicates that Massing appeared in several juvenile proceedings and appeared before a military tribunal. Moreover, Massing is not uneducated: he furthered his education while incarcerated by obtaining his GED, his associate degree, and his bachelor's degree. He worked in the prison library, had access to books, and the prison law clerk.[2] In light of these facts, Massing could have acted on his sentence challenge well before he actually did. We affirm the trial court's denial of his petition to file a belated appeal.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly determined that Massing had not been diligent in seeking an appeal of his sentence following a plea agreement.

Affirmed.

NAJAM, J. and DARDEN, J. concur

---

[2] Massing also asserts that a petition for post-conviction relief was the only way to challenge a sentence after a guilty plea at the time of his conviction. We disagree. In 1996, the year before Massing pled guilty, our supreme court stated in *Tumulty v. State*, 666 N.E.2d 394, 395-96 (Ind. 1996) that although a direct appeal may not be used to allege errors involving a conviction based upon a guilty plea, it may be used to challenge sentencing errors.