## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 17 2019, 9:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office
Pulaski County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher J. Robbins,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 17, 2019

Court of Appeals Case No. 18A-CR-3145

Appeal from the Pulaski Circuit Court

The Honorable Michael A. Shurn, Judge

Trial Court Cause No. 66C01-1608-F1-2

**Pyle, Judge.**

# Statement of the Case

Christopher Robbins ("Robbins") appeals his conviction for Level 3 felony aggravated battery.[1]  Specifically, Robbins asserts that his guilty plea must be reversed because he was insane at the time of the offense.  Concluding that Robbins may not challenge his conviction on direct appeal, we dismiss Robbins' appeal.

We dismiss.

# Issue

Whether Robbins may challenge his conviction on direct appeal after pleading guilty but mentally ill.

# Facts

On August 17, 2016, police and emergency personnel responded to a 9-1-1 call at the home of Robbins' mother ("Mother") and father ("Father").  When they arrived, they learned from Mother that Robbins had stabbed Father in the chest with a large knife.  Mother also informed the police that Robbins suffered from schizophrenia.

Police subsequently found Robbins hiding in a nearby woods.  Robbins allowed police to take him into custody without incident.  However, as police walked

---

[1] IND. CODE § 35-42-1-1(a).

Robbins back to the patrol car, he began screaming at Mother and Father when he saw them outside.

[6] The following day, the State charged Robbins with three counts: Count I, Level 1 felony attempted murder; Count II, Level 3 felony aggravated battery; and Count III, Level 5 felony domestic battery by means of a deadly weapon.

[7] On October 14, 2016, Robbins filed a notice of intent to raise a defense of insanity. On October 25, 2016, Robbins filed a motion for psychiatric evaluation to determine his competence to stand trial. In November 2016, the trial court appointed three doctors to evaluate Robbins. Following a competency hearing on March 21, 2017, the trial court found that Robbins was competent to stand trial.

[8] On August 21, 2018, the day that Robbins was scheduled to begin trial, Robbins instead elected to plead guilty but mentally ill to the offense of aggravated battery, with the agreement that the State would dismiss the other two counts. Thereafter, Robbins pleaded guilty to the aggravated battery charge, and the trial court accepted his guilty plea.

[9] On November 27, 2018, the trial court sentenced Robbins to ten (10) years in the Indiana Department of Correction ("DOC") with five (5) years suspended to probation. The trial court further ordered that Robbins be evaluated and treated by the DOC after transfer and undergo treatment during his probation.

[10] Robbins now appeals.

# Decision

[11] On appeal, Robbins argues that his guilty plea must be reversed "because there was no evidence of probative value that Robbins was sane at the time he stabbed his father." (Robbins' Br. 12). In response, the State asserts that Robbins may not challenge his conviction on direct appeal because he pleaded guilty but mentally ill. We agree with the State.

[12] It is well established that direct appeal is an improper means by which to challenge a guilty plea conviction. *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996). As a general rule of jurisprudence, entering a guilty plea restricts the ability to challenge a conviction on direct appeal. *Id*.; *see also Creech v. State*, 887 N.E.2d 73, 74 (Ind. 2008) ("[W]hen a defendant pleads guilty, he waives his right to appeal his conviction."); *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004) ("A person who pleads guilty is not permitted to challenge the propriety of that conviction on direct appeal."); *Hayes v. State*, 906 N.E.2d 819, 821 (Ind. 2009) (a reversal of a conviction on direct appeal due to a guilty plea having an inadequate factual basis is "contrary to [its] precedent in *Tumulty*[.]"). Rather, the proper avenue to challenge a conviction based on a guilty plea is to file a petition for post-conviction relief pursuant to Indiana Post-Conviction Rule 1. *Tumulty*, 666 N.E.2d at 395.

[13] Although Robbins argues that our supreme court's precedent in *Tumulty* does not apply to his guilty plea, we are unpersuaded by his attempts to distinguish

*Tumulty*.[2] We conclude that Robbins may not challenge his conviction on direct appeal. *See id.* (identifying policy reasons for "[t]he long-standing judicial precedent limiting the avenue of direct appeal for guilty plea challenges," and noting that a plea "brings to a close the dispute between the parties, much as settling civil parties do by submitting an agreed judgment"). Accordingly, we dismiss his appeal.

[14] We dismiss.

Riley, J., and Bailey, J., concur.

---

[2] Robbins' arguments mischaracterize sanity as an element of aggravated battery. Rather, insanity is an affirmative defense. *See Carson v. State*, 807 N.E.2d 155, 159 (Ind. 2004) ("The 'insanity' defense is an affirmative defense for which the burden of proof is on the defendant."). To the extent that Robbins is attempting, on appeal, to assert an affirmative defense of insanity, he waived any such defense by pleading guilty but mentally ill. Accordingly, we cannot and will not consider such arguments on direct appeal. *See Tumulty*, 666 N.E.2d at 396.