## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 26 2019, 10:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Frederick Vaiana
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Aaron Negangard
Chief Deputy Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ladell Dean,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 26, 2019

Court of Appeals Case No.
19A-CR-1455

Appeal from the Marion Superior Court

The Honorable Peggy Ryan Hart, Judge Pro Tempore

Trial Court Cause No.
49G05-1805-F4-15948

**Crone, Judge.**

# Case Summary

[1] A jury found Ladell Dean guilty of class A misdemeanor carrying a handgun without a license and class A misdemeanor driving while suspended, and not guilty of class B misdemeanor possession of marijuana. Prior to the enhancement phase of his trial, Dean chose to plead guilty to level 4 felony unlawful possession of a firearm by a serious violent felon ("SVF"). The carrying a handgun count was subsequently dismissed, and the trial court entered judgment of conviction on two counts: level 4 felony unlawful possession of a firearm by an SVF and class A misdemeanor driving while suspended. Dean now appeals, arguing that the trial court abused its discretion in denying the motion for mistrial he made during the State's case-in-chief, and that the State presented insufficient evidence to support his conviction for unlawful possession of a firearm. Finding no abuse of discretion and that Dean waived his ability to challenge that conviction on direct appeal by pleading guilty, we affirm.

# Facts and Procedural History

[2] On May 15, 2018, Dean was driving his girlfriend's vehicle on Georgetown Road, with his friend, Anthony Burroughs, in the passenger seat. Indianapolis Metropolitan Police Department Officer DeJoure Mercer was on patrol when he observed that the vehicle Dean was driving was missing its rear window. Upon running the license plate, Officer Mercer determined that the vehicle's registered owner's license was suspended, so he initiated a traffic stop of the vehicle. Before Dean pulled the vehicle over, Burroughs took a handgun from

inside his clothes, showed it to Dean, placed it on top of the passenger's seat, and sat on it.

[3] After Dean pulled the vehicle over, Officer Mercer approached the vehicle and immediately detected the smell of marijuana. Through the driver's side window, Officer Mercer could see a mason jar containing marijuana sitting between the driver's and the passenger's seats in plain view. After obtaining both Dean's and Burroughs's identifications, Officer Mercer discovered that both men had suspended driver's licenses with prior convictions.

[4] When backup arrived, Officer Mercer asked both men to exit the vehicle. Dean initially refused, but complied with a second order to exit the vehicle. As Burroughs exited the car, officers saw the handgun he had been sitting on. Neither Dean nor Burroughs had a permit to possess a firearm. Both men were arrested.

[5] The State charged Dean with the following counts: Count 1, level 4 felony unlawful possession of a firearm by a SVF; Count 2, class A misdemeanor carrying a handgun without a license; Count 3, class A misdemeanor driving while suspended; and Count 4, class B misdemeanor possession of marijuana. The State subsequently added an enhancement to Count 2, elevating it from a

class A misdemeanor to a level 5 felony based upon Dean having been convicted of a prior felony within fifteen years of the offense date.[1]

[6]     A two-phase jury trial began on April 25, 2019. During the State's presentation of evidence as to counts 2 through 4, Dean objected to certain witness testimony and moved for a mistrial, which was denied by the trial court. At the conclusion of the first phase of trial, the jury found Dean guilty of class A misdemeanor carrying a handgun without a license and class A misdemeanor driving while suspended, but not guilty of class B misdemeanor possession of marijuana. At the outset of the second phase of trial, during which the jury was going to consider evidence of Dean's prior felony conviction and the enhancement of his carrying a handgun charge, Dean informed the court that he had chosen to plead guilty, pursuant to a plea agreement, to level 4 felony unlawful possession of a firearm by an SVF. The agreement provided that the carrying a handgun count would be dismissed and that Dean's aggregate sentence would be capped at four years. Accordingly, the trial court dismissed the jury and held a guilty plea hearing, after which the court accepted Dean's guilty plea.[2]

---

[1] The alleged prior felony conviction was class D felony residential entry. The predicate felony underlying the SVF charge was Dean's prior conviction for class B felony dealing in a narcotic drug.

[2] When accepting the guilty plea, the trial court noted that the State had agreed to "dismiss" the carrying a handgun count. Tr. Vol. 3 at 20. In the abstract of judgment, Count 2 is listed as "merged" with Count 1. Appealed Order at 1. Regardless of whether the court described it as dismissed or merged, the record is clear that no judgment of conviction was ever entered on the jury's guilty verdict for carrying a handgun without a license.

[7] A sentencing hearing was held on May 23, 2019. The trial court sentenced Dean to concurrent sentences totaling four years, with two and a half years executed in the Department of Correction, 180 days executed in community corrections, and one year suspended to probation. This appeal ensued.

## Discussion and Decision

## Section 1 – The trial court did not abuse its discretion in denying Dean's motion for mistrial.

[8] During the State's presentation of evidence, one of Dean's arresting officers, Officer Andrew Hosteller, testified that Dean made a statement during his arrest that he was "a bona fide drug dealer." Tr. Vol. 2 at 150. Defense counsel immediately objected, and the attorneys approached the bench for a sidebar conference. Defense counsel moved for a mistrial, claiming that the statement was highly prejudicial. The jury was then removed from the courtroom. Outside the presence of the jury, the deputy prosecutor explained to the judge that Officer Hosteller had been instructed not to testify about Dean's statement and that, simply due to some other interruptions and objections, followed by an open-ended question, the witness unfortunately repeated the statement. Officer Hosteller apologized to the court, saying, "It's a mistake, Judge." *Id*. at 153.

[9] After considering extensive arguments from counsel, and finding no evidence of deliberate behavior or bad faith on the part of the State, the trial court determined that the appropriate remedy was to admonish the jury and strike the

statement from the record. Specifically, when the jurors returned to the courtroom, the trial court instructed them,

> Ladies and gentlemen of the jury, prior to you leaving this courtroom there was a motion and the Court is ruling as follows: The last statement made by this witness, I'm striking from the record. If I strike something from the record, you are to totally disregard it as if you didn't hear it. Therefore, if you didn't hear it, you cannot consider it when you're deciding whether this gentleman is guilty or not guilty as to each count levied by the State.

*Id.* at 157.

[10] On appeal, Dean asserts that the trial court should have granted his motion for mistrial, complaining that this "evidentiary harpoon" from the State's witness "unquestionably had a persuasive effect on the jury." Appellant's Br. at 16. The decision to grant or deny a motion for a mistrial is left to the sound discretion of the trial court, as that court is in the best position to assess the circumstances of an error and its probable impact upon the jury. *Lucio v. State*, 907 N.E.2d 1008, 1010 (Ind. 2009). On appeal, we will reverse only upon an abuse of that discretion. *Id.* To prevail on appeal from the denial of a motion for a mistrial, the appellant must demonstrate that the statement or conduct in question was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. *Stokes v. State*, 922 N.E.2d 758, 762-63 (Ind. Ct. App. 2010), *trans. denied*. The gravity of the peril is assessed by the probable persuasive effect of the misconduct upon the jury's decision rather than upon the degree of impropriety of the conduct. *Id.*

[11] "A mistrial is an extreme remedy that is warranted only when less severe remedies will not satisfactorily correct the error." *Warren v. State*, 725 N.E.2d 828, 833 (Ind. 2000). "Generally, a timely and accurate admonition is an adequate curative measure for any prejudice that results." *Orta v. State*, 940 N.E.2d 370, 374 (Ind. Ct. App. 2011), *trans. denied*. Indeed, "[w]hen the jury is properly instructed, we will presume they followed such instructions." *Duncanson v. State*, 509 N.E.2d 182, 186 (Ind. 1987). "We seldom find reversible error when the trial court admonishes the jury to disregard the statement made during the proceedings." *Davidson v. State*, 580 N.E.2d 238, 241 (Ind. 1991).

[12] Here, by all accounts, one of the State's witnesses made an inadvertent, albeit serious, mistake, and the trial court promptly admonished the jury to disregard the testimony and further ordered the evidence stricken from the record. The trial court repeated its admonition during final jury instructions. Dean offers no specific argument as to why the court's prompt admonition and further instruction to the jury was inadequate to cure any potential prejudice. Notably, the jury found Dean not guilty of the sole drug charge he faced, indicating that any reference to him being a drug dealer had no persuasive effect on the jury. The trial court did not abuse its discretion in denying Dean's motion for mistrial.

## Section 2 – Dean waived his ability to challenge his SVF conviction.

[13] Dean next attempts to challenge the sufficiency of the evidence to support the jury's verdict for class A misdemeanor carrying a handgun without a license,

claiming that the State presented insufficient evidence that he ever had "possession" of the handgun found in the vehicle. Appellant's Br. at 19. As noted by the State, no judgment of conviction was entered on the jury's carrying a handgun without a license guilty verdict. Rather, the only conviction regarding him possessing a handgun that currently stands is the level 4 felony possession of a firearm by an SVF conviction. The State contends that Dean waived his right to challenge this conviction on direct appeal by electing to plead guilty. We agree.

[14]   It is well settled that when a person elects to plead guilty rather than to stand trial on the charges against him, he gives up certain statutory and constitutional rights. *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996). When a defendant pleads guilty, the trial court is obliged to inform him of the rights that he is waiving and to determine that the waiver of these rights is "knowingly and intelligently given." *Id*. (quoting *Davis v. State*, 446 N.E.2d 1317, 1321 (Ind. 1983)). One such right that a defendant waives by pleading guilty is the right to challenge his conviction on direct appeal. *See id*. ("a conviction based on a guilty plea may not be challenged by ... direct appeal.") (quoting *Weyls v. State*, 266 Ind. 301, 302, 362 N.E.2d 481, 482 (1977)).

[15]   In short, Dean waived his right to challenge his unlawful possession of a firearm by an SVF conviction by pleading guilty and is now limited to challenging that conviction by filing a petition for post-conviction relief pursuant to Indiana Post-Conviction Rule 1. *Tumulty*, 666 N.E.2d at 396; *Lumbley v. State*, 74 N.E.3d 234, 241 (Ind. Ct. App. 2017), *trans. denied*. To the

extent that Dean suggests in his reply brief that the trial court erroneously or inadequately advised him of his appellate rights, thereby affecting the knowing and voluntary nature of his plea, such challenge similarly cannot be undertaken on direct appeal. *See Vanzandt v. State*, 730 N.E.2d 721, 725 (Ind. Ct. App. 2000) (challenge to knowing and voluntary nature of guilty plea due to alleged inadequacies in trial court's advisements cannot be undertaken on direct appeal). Instead, post-conviction relief "is exactly the vehicle for pursuing claims for validity of guilty pleas." *Tumulty*, 666 N.E.2d at 396 (citation omitted). Dean cannot now challenge on direct appeal the sufficiency of the evidence supporting his conviction for level 4 felony unlawful possession of a firearm by an SVF. We affirm his convictions and sentence.

[16] Affirmed.

May, J., and Pyle, J., concur.